UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL GARVEY,

    Plaintiff,

v.                                          Case No: 2:18-cv-47-FtM-99CM

JHS BUILDERS, LLC and IAN C.
SCHMOYER,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice. Doc. 25. The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss the case with prejudice. *Id.* at 1. For the reasons stated below, the Court recommends that the settlement be approved, and Plaintiff's claims be dismissed with prejudice.

On January 22, 2018, Plaintiff Michael Garvey filed this case against Defendants seeking recovery of wages under the FLSA for unpaid overtime. Doc. 1. Defendants allegedly employed Plaintiff as a foreman from about February 2015 to

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

July 2017. *Id.* ¶¶ 16, 19. Plaintiff claims Defendants did not pay him at the statutory rate of one and one-half times his regular pay for overtime hours worked during his employment. *Id.* ¶¶ 19, 28. Plaintiff also alleges Defendants failed to maintain proper time records. *Id.* ¶ 30. Thus, Plaintiff claims Defendants willfully violated the FLSA by failing to properly compensate him for overtime worked. *Id.* ¶ 32. On November 21, 2018, the parties filed their Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice and the proposed settlement agreement. Docs. 25, 26.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable

> compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1355.

Here, the joint motion states that Plaintiff estimated Defendants owed him $20,252.68 in unpaid wages. Doc. 25 at 5. Due to the "uncertainties" of litigation generally and some factual aspects of this case,[2] however, the parties have agreed to settle for $2,500.00 in unpaid wages and $2,500.00 in liquidated damages. *Id.* at 2-3, 5. The settlement agreement provides that in exchange for the settlement proceeds, Plaintiff agrees to dismiss the case and release Defendants from "any and all claims for unpaid wages . . . which arose or may have arisen prior to the date of

---

[2] Specifically, the parties note that a significant portion of the time for which Plaintiff claims he is owed wages consists of Plaintiff driving co-workers to and from the jobsite. Doc. 25 at 2. Defendants maintain this was voluntary, and although Plaintiff initially expected "numerous witnesses" to support his assertion that the driving was not voluntary, Plaintiff's later investigation showed that "at best, the testimony on that issue would be mixed." *Id.* Because approximately one half of the twenty thousand dollars in claimed wages were related to the driving time, Plaintiff prefers the certainty of the settlement reached to the uncertainty of continuing to litigate the case. *Id.* at 3.

execution of this agreement[.]" Doc. 26-1 at 2. Plaintiff believes that "he has been fairly compensated for all wages potentially owed to him" related to his FLSA claim. *Id.* at 3.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*, 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that

the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

Here, the parties reached the settlement and agreed upon the costs separately and without regard to the amount paid to Plaintiff. Doc. 26-1 at 3. Defendants agree to pay Plaintiff's attorney's fees and costs in the amount of $5,000.00. *Id.* The Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal With Prejudice (Doc. 25) be **GRANTED**; and

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 29th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record